946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen Lynn WILLIAMS, Kenneth Williams, Plaintiffs/Appellants,
v.
HEAVENLY VALLEY, a Limited Partnership composed of William
D. Killebrew, Eleanor Killebrew and K & H Enterprises, a
Partnership composed of William D. Killebrew and Eleanor
Killebrew; and Heavenly Valley corporation, Defendants/Appellees.
 No. 90-15904.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 22, 1991.*
Decided Oct. 16, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth and Karen Williams appeal from the district court's decision to grant summary judgment against them in their case against Heavenly Valley for negligence in connection with Kenneth Williams' ski accident. Williams sought damages for personal injuries, while his wife sought emotional distress damages from having witnessed the accident and damages for loss of consortium. Williams claimed that Heavenly Valley breached its duty of care by not warning him of icy conditions that resulted in his falling 500 feet down the slope and hitting his head on a tree. The district court concluded that the conditions Williams encountered were an inherent hazard in skiing and that Heavenly Valley owed no duty to him when he had voluntarily assumed the risk of injury inherent in the sport. The district court's decision to grant summary judgment is affirmed, as is its decision to exclude the testimony of William's proposed expert.
 
 I. Discussion
 
 3
 The Court of Appeals reviews de novo a grant of summary judgment. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217 (1990). The evidence presented on summary judgment is viewed in the light most favorable to the party opposing the motion and that party is given the benefit of all inferences reasonably deducible from the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).
 
 
 4
 Appellants, the Williams, argue that there is a genuine issue of material fact regarding the conditions on the slope on the day of Kenneth Williams' accident, and that Heavenly Valley had a duty to warn Williams of the icy conditions. Appellees, Heavenly Valley, argue that Williams assumed the risks associated with the sport of skiing, including ice on the run.
 
 
 5
 In granting summary judgment, the district court relied on Danieley v. Gold Mine Ski Associates, 218 Cal.App.3d 111, 266 Cal.Rptr. 749 (Cal.App. 4 Dist.1990). In Danieley, plaintiff hit a tree beside a ski slope. The court held that there was no duty to protect skiers from being injured through the inherent, obvious and unavoidable risks of participating in the sport. Id. Numerous other sports injury cases have decided that there is no duty to protect participants from the risks inherent in participating in the sport. See, for example, Wright v. Mt. Mansfield Lift Inc., 96 F.Supp. 786 (D.Vt.1951) (danger of striking a stump on a ski run obvious and necessary risk to participants); Schmitz v. Cannonsburg, 428 N.W.2d 742, 744, 170 Mich.App. 629 (Mich.App.1988) (no duty to protect skiers from dangers inherent in downhill skiing); see also 55 ALR 4th 632 (1986) (Ski Injuries-Condition on Slope).
 
 
 6
 The county ordinances governing the Lake Tahoe slopes state that skiers assume the risks inherent in the sport. El Dorado County Ordinance No. 3418 § 9.20.030 states: "Assumptions of Risks ... Any individual who engages in the sport of skiing ... accepts and assumes the inherent risk of skiing insofar as they are reasonably obvious, expected or necessary." That same ordinance defines the inherent risks of skiing to include "changing weather conditions ... [and] snow or ice conditions. " Id. at 9.20.020. (emphasis added).
 
 
 7
 In Schmitz, the Michigan Court of Appeals construed Michigan's Ski Area Safety Act to impose an assumption of risk on the skier and bar suit based upon injuries arising from the skier's collision with a tree on the ski slope. 428 N.W.2d at 744. The Michigan Act, like El Dorado County's, provided that each participant accepts the dangers inherent in the sport including "surface or subsurface snow or ice conditions." Id. at 743, citing Ski Area Safety Act, M.C.L. § 408.321(22)(2). The court concluded:
 
 
 8
 [I]t is clear from the plain and unambiguous wording of § 22(2) that the Legislature intended to place the burden of certain risks or dangers on skiers, rather than ski resort operators. Significantly, the list of "obvious and necessary" risks assumed by a skier under the statute involves those things resulting from natural phenomena, such as snow conditions ... By the mere act of skiing, the skier accepts the risk that he may be injured in a manner described by the statute. Id. at 744.
 
 
 9
 Giving the El Dorado County ordinance the same plain language reading, Williams assumed the risk of icy conditions. Heavenly Valley had no duty to warn him of these conditions or to ameliorate them. The fact that it did warn about the icy conditions through posted signs and individual warnings to most skiers does not create a duty where none previously exists.
 
 
 10
 Williams was also aware of the fact that ice was a danger in skiing. He hails from Baltimore, Maryland and has skied in resorts throughout the East and in Colorado, including skiing in icy conditions. In his deposition he acknowledged that patches of "icy" snow are a normal part of skiing.
 
 
 11
 Moreover, Williams should have been aware of the existence of ice on the slopes because Heavenly Valley had posted an "Icy Conditions" sign behind the ski patrol officers at the beginning the East Bowl run. El Dorado County Ordinance § 9.20.040 lists as one of a skier's duties the duty to "familiarize [oneself] with the posted information supplied by the ski area operator on location and degree of difficulty of trails and slopes to the extent reasonably possible before skiing on any slope or trail." The sign "Icy Conditions" as well as the sign "Advanced Skiers Only" are signs designating the degree of difficulty of the slope. Williams had a duty to familiarize himself with the sign and the information posted thereon.
 
 
 12
 The applicable county statutes make it clear that Williams assumed the risk of icy conditions on the slopes. He also had a duty to familiarize himself with signs informing skiers of the mountain's conditions. Based on the El Dorado County statute and Danieley, the grant of summary judgment is affirmed.
 
 
 13
 B. Declaration of Plaintiff's Expert Edward Williams
 
 
 14
 Appellants challenge the district court's refusal to admit the affidavit of plaintiff's expert Edward Williams. A trial court's ruling on the admissibility of expert testimony is reviewed for abuse of discretion. Taylor v. Burlington Northern Railroad Co., 787 F.2d 1309, 1315 (9th Cir.1986). Expert opinion is admissible to defeat a motion for summary judgment where the affiant is competent to give expert opinion and the basis for that opinion is stated in the affidavit. Bulthius v. Rexall Corp., 789 F.2d 1315 (9th Cir.1985).
 
 
 15
 In the papers submitted in opposition to the motion for summary judgment, appellants failed to submit the resume of expert Edward Williams along with his affidavit. Although they offered it at the time of oral argument on the summary judgment motion, the judge refused to accept it. The judge also noted that in his statement of qualifications, Edward Williams failed to note how long he had engaged in the activities which made him qualified to testify as an expert.
 
 
 16
 The district court did not abuse its discretion in ruling that the expert was not properly qualified as such. The decision to refuse to admit his proposed affidavit is affirmed.
 
 CONCLUSION
 
 17
 The district court was correct in concluding that Williams assumed the risk of icy conditions and that Heavenly Valley had no duty to warn him of those conditions. There are no genuine issues of material fact relevant to the issue of duty. The district court did not abuse its discretion on refusing to admit plaintiffs' expert's affidavit.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3